ORIGINAL

# United States District Court

Northern District of Texas
Dallas Division

UNITED STATES OF AMERICA

v.

HECTOR M. FRIAS
Defendant.

Case Number 3:03-CR-180-N(01)

**07 CRIM. 383**

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**Reason for Amendment:** Clerical Error on case number on pages 2 through 4.

The defendant, HECTOR M. FRIAS, was represented by Sam Ogan.

On motion of the United States, the Court has dismissed the remaining counts of the Indictment.

The defendant pleaded guilty to Count 1 of the Indictment filed on June 3, 2003. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC § 1341 | Mail Fraud | May 5, 2000 | 1 |

As pronounced on **March 1, 2004**, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for Count 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 12 day of March, 2004.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

Certified a true copy of an instrument
on file in my office on 3/15/04
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

Defendant: **HECTOR M. FRIAS**  Judgment--**Page 2 of 5**
Case Number: **3:03-CR-180-N (1)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 (Twenty-Four)** months.

The court makes the following recommendations to the Bureau of Prisons: that the defendant be placed at a facility near New York, NY and that the BOP provide the appropriate medications to the defendant, if possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: HECTOR M. FRIAS                                                          Judgment--Page 3 of 5
Case Number: 3:03-CR-180-N (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 (Three) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

Defendant: HECTOR M. FRIAS  
Case Number: 3:03-CR-180-N (1)

Judgment--Page 4 of 5

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

The defendant shall not incur new credit charges or open additional lines of credit without approval of the U.S. Probation Officer unless the U.S. Probation Officer makes a determination that the defendant has fully satisfied the restitution obligation.

The defendant shall provide to the U.S. Probation Officer any requested financial information.

The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include prescribed medications by a licensed physician. The defendant is further ordered to contribute to the costs of services rendered (co-payment) at a rate of at least $25 per month.

Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution, jointly and severally with Anthony Jackson, Case No. 3:02-CR-336-G (01), and Demeshia Rachel Davis, Case No. 3:03-CR-405-N (01), in the amount of **$349,691**, payable to the U. S. District Clerk, 1100 Commerce, 14th floor, Dallas, Texas, 75242, for disbursement to:

> Lucent Technologies  
> Attn.:Guillermo Garcia  
> Fraud Manager  
> Account No.: IRIMS-INCD662

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $50 per month until the restitution is paid in full. Further, pursuant to 18 USC § 3612 (f)(3), interest on the unpaid balance is waived.

DEFENDANT'S ACKNOWLEDGMENT OF  
APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  Date 11/6/06  
Defendant

_____  Date 11/6/06  
U.S. Probation Officer / Designated Witness

<u>AO 245 S (Rev. 01/01) Sheet 6 - Restitution</u>

Defendant: **HECTOR M. FRIAS**  Judgment--**Page 5 of 5**
Case Number: **3:03-CR-180-N (1)**

## RESTITUTION

The defendant shall make restitution jointly and severally with Anthony Jackson, Case No. 3:02-CR-336-G (1) and Demeshia Rachel Davis, 3:03-CR-405-N (1) to the following person in the following amount:

<u>Name of Payee</u>
Lucent Technologies
Attn: Guillermo Garcia
Fraud Manager
Amount: **$349,691**
Account No.: IRIMS-INCD662

Payments of restitution are to be made to the United States District Clerk.

The court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $50 per month until the restitution is paid in full.